**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
UNITED STATES OF AMERICA,       :
        :
       Government,     :      15 Cr 288 (RMB)
        :
- against -        :      **<u>DECISION & ORDER</u>**
        :
JERMAINE MITCHELL,       :
        :
       Defendant.     :
-------------------------------------------------------------x

This Decision & Order resolves defendant Jermaine Mitchell's <u>pro se</u> motion for sentence reduction, docketed on September 9, 2021 ("Motion"). For the reasons that follow, the Motion is respectfully denied.[1]

I.   <u>Background</u>

On June 27, 2016, Mitchell, then 32 years old, pled guilty to conspiring to distribute, and to possess with intent to distribute, marijuana, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). (Presentence Investigation Report ("PSR") ⁋ 5.) Mitchell's Sentencing Guidelines range was 97 to 121 months; his offense level was 29; his criminal history category was II. (Sentencing Tr. 20.) Mitchell was subject to a mandatory minimum sentence of 60 months. (<u>Id.</u> at 3.) On November 22, 2016, the Court sentenced Mitchell to 100 months' imprisonment, followed by five years of supervised release. (<u>Id.</u> at 22.)

Mitchell is incarcerated at Reeves County Detention Center III, a contracted, privately-owned correctional institution in Pecos, Texas. (<u>See</u> Gov't Opp. 3); <u>see also</u> <u>CI Reeves III</u>, Federal Bureau of Prisons, https://www.bop.gov/locations/ci/rvs/ (last visited Feb. 28, 2022). He has

---

[1] Any issues or arguments raised by the parties but not specifically addressed in this Decision & Order have been considered by the Court and rejected.

served 74 months of his 100-month sentence. (See PSR 1.) His projected release date is January 19, 2023. (Gov't Opp. 3.)

Mitchell states that he is "not praying for an immediate release but rather a reduction of sentence." (Mot. 2.) He contends that: **(i)** he "has a family history of [h]ypertension and heart disease and also suffers from depression . . . [conditions which] pos[e] a high risk of severe infection" from COVID-19 (Mot. 1); **(ii)** he has endured "harsh conditions" due to "the extended lock-down . . . to prevent the spread of the virus" and the "winter freeze" in February 2021 during which Mitchell "went days without water . . . [or] using the bathroom" (Mot. 1-3); and **(iii)** the 18 U.S.C. § 3553(a) factors weigh in favor of a sentence reduction given Mitchell's "length of time served, age, pandemic effects[,] . . . rehabilitative programming[,] . . . low risk of recidivism and dedication to leading a law abiding life" (Mot. 3).

The Government opposes the Motion, contending that: **(i)** Mitchell "cannot show extraordinary and compelling circumstances on the basis of COVID-19 risk" because "he has received the COVID-19 vaccine" (Gov't Opp. 5); **(ii)** Mitchell's "claims that his conditions of incarceration were unexpectedly harsh due to" COVID-19 and the February 2021 winter storm in Texas are not reasons that Mitchell "alone among his facility's 1,200 plus inmates must be released early" (id.); **(iii)** it would be "inappropriate to release Mitchell under 18 U.S.C. § 3553(a)" because, among other reasons, he was "a leader" of a "violent, dangerous organization" (id.); and **(iv)** "Mitchell has failed to comply with the statutory exhaustion requirement" (id. at 4). The Government also provided Mitchell's medical records from December 15, 2015 to February 16, 2022 ("Medical Records").[2]

---

[2] The Government has requested that Mitchell's medical records be maintained under seal.

II.   <u>Legal Standard</u>

"Before a compassionate-release motion can be considered on the merits, the defendant must exhaust administrative remedies." <u>United States v. Williams-Bethea</u>, 464 F. Supp. 3d 562, 565 (S.D.N.Y. 2020).

When considering an application under 18 U.S.C. § 3582(c)(1)(A)(i), "a court may reduce a defendant's sentence only if it finds that extraordinary and compelling reasons warrant such a reduction." <u>United States v. Beniquez</u>, 2021 WL 260225, at *2 (S.D.N.Y. Jan. 26, 2021) (internal quotation marks omitted). "The defendant bears the burden of proving that he is entitled to compassionate release." <u>United States v. Phillibert</u>, 2021 WL 3855894, at *2 (S.D.N.Y. Aug. 27, 2021).

The Court looks to § 1B1.13 of the Sentencing Guidelines for "guidance in the exercise of its discretion." <u>United States v. Rodriguez</u>, 2020 WL 7640539, at *3 (S.D.N.Y. Dec. 23, 2020). The district court may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring." <u>United States v. Brooker</u>, 976 F.3d 228, 237 (2d Cir. 2020).

"[C]ourts in this circuit have found that vaccination mitigates the risk an inmate faces from COVID-19 to the point that . . . he does not face an extraordinary risk from COVID-19." <u>United States v. Kosic</u>, 2021 WL 1026498, at *3 (S.D.N.Y. Mar. 17, 2021).

The 18 U.S.C. § 3553(a) factors, including the danger a defendant poses to the community, "override any extraordinary and compelling reasons justifying his release." <u>United States v. Serrano</u>, 2020 WL 5259571, at *4 (S.D.N.Y. Sept. 3, 2020); <u>accord</u> <u>United States v. Keitt</u>, 21 F.4th 67, 73 (2d Cir. 2021).

III.   <u>Medical Findings</u>

1.   Mitchell is 37 years of age. He is vaccinated against COVID-19. (Med. Records 3-4.) His Medical Records also reflect that he is prediabetic and has a history of depression. (<u>Id.</u> at 7, 40, 69, 126.) The physician he saw on August 19, 2021 noted that Mitchell "appears to be stable at this time" and indicated that no referrals were needed. (<u>Id.</u> at 7.)

2.   Mitchell states that he has "a family history of [h]ypertension and heart disease." (Mot. 1.) His Medical Records do not reflect that he suffers from either condition.

3.   The Centers for Disease Control lists depression as a condition that "can make you more likely to get very sick from COVID-19." <u>People with Certain Medical Conditions</u>, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Feb. 25, 2022).

IV.   <u>Analysis</u>

<u>Exhaustion of Administrative Remedies</u>

Mitchell does not contend that he presented his claims to the Bureau of Prisons. It appears that there is no record of Mitchell having done so. (<u>See</u> Gov't Opp. 4.) At the same time, Mitchell may be excused from the requirement to exhaust administrative remedies because he is incarcerated at Reeves County Detention Center III, a non-BOP facility operated by a private corporation. <u>See</u> <u>United States v. Graham</u>, 2020 WL 5604050, at *1 (S.D.N.Y. Sept. 17, 2020) ("When a defendant is not in BOP custody at the time of his or her application for a sentence reduction, courts have found that either (1) the exhaustion requirements were waived or (2) it would be futile to require exhaustion."); <u>United States v. Barajas</u>, 2020 WL 3976991, at *8 (S.D.N.Y. July 13, 2020) ("[C]ourts have regularly concluded that Section 3582(c)(1)(A)'s exhaustion requirement is either waived or excused in cases where the defendant is currently

housed in a non-BOP facility . . . ."); <u>United States v. Sanchez</u>, 2020 WL 2787654, at *3 n.5 (S.D.N.Y. May 29, 2020) ("I decline to address the exhaustion issue because Sanchez is not in BOP custody; therefore, BOP is not in a position to evaluate his compassionate release request."); <u>United States v. Hernandez</u>, 451 F. Supp. 3d 301, 303 (S.D.N.Y. 2020).

<u>No Extraordinary and Compelling Reasons for Sentence Reduction</u>

Assuming without deciding that exhaustion is not a barrier to relief, Mitchell has not established extraordinary and compelling circumstances warranting a sentence reduction.

As noted, Mitchell is vaccinated against COVID-19. (<u>See</u> Mot. 2; Med. Records 3-4.) "Courts have consistently denied compassionate release when the defendant is fully vaccinated, even when other health conditions are present." <u>United States v. Farmer</u>, 2022 WL 47517, at *3 (S.D.N.Y. Jan. 5, 2022); <u>accord</u> <u>Kosic</u>, 2021 WL 1026498, at *3. Mitchell's observation that "there has [ ] been 'breakthrough' cases amongst the vaccinated" is not persuasive. (<u>See</u> Mot. 2.) While "breakthrough infections have occurred in vaccinated people due to the Delta [and Omicron] variant[s] . . . generalized statements about vaccine efficacy do not amount to extraordinary and compelling circumstances – the vaccine is still highly effective at preventing death and serious injury, even against the Delta and Omicron variants." <u>Farmer</u>, 2022 WL 47517, at *3; <u>accord</u> <u>United States v. Jaber</u>, 2022 WL 35434, at *3 (S.D.N.Y. Jan. 4, 2022).

The Court acknowledges difficult conditions that Mitchell has faced during the COVID-19 pandemic and the February 2021 winter storm in Texas. (<u>See</u> Mot. 5.) However, those conditions "do not rise to the level of an extraordinary and compelling reason to reduce his sentence." <u>See</u> <u>United States v. Pena</u>, 2020 WL 6131254, at *3 (S.D.N.Y. Oct. 19, 2020); <u>see also</u> <u>United States v. Jackson</u>, 2021 WL 5410511, at *2 (D. Nev. Nov. 18, 2021) (denying compassionate release to defendant who argued that "his incarceration was particularly severe due

5

to the record setting 2021 winter storm in Texas" because "[h]is condition was not unique"); <u>Farmer</u>, 2022 WL 47517, at *3.

The 18 U.S.C. § 3553(a) Factors Weigh Against Sentence Reduction

The Court also finds that reducing Mitchell's sentence would be inconsistent with the factors set forth at 18 U.S.C. § 3553(a).

Mitchell held a "significant and central [leadership] role" in the so-called "213 DTO," a dangerous criminal drug-trafficking organization that sold marijuana, crack cocaine, and other illegal narcotics in the Bronx. (PSR 7, 25.) "The 213 DTO's operations were a major source of crime and violence in the area," including "35 shootings, of which 22 were fatal, as well as over 500 reports of shots fired" between 2011 and 2016. (PSR ⸮ 10; <u>see also</u> Sentencing Tr. 17.)

"Mitchell was effectively the owner, operator, and manager of the 'Bando,' the primary narcotics-selling location used by the [213 DTO]." (PSR ⸮ 11.) "Mitchell ran the Bando as a non-stop marihuana selling location, often with lines out the front door . . . and customers as young as middle school age children." (<u>Id.</u>) Although Mitchell did not personally make sales to customers, he employed others who did so, he supplied the marihuana, and he took the majority of the profit from the sales. (<u>Id.</u>) NYPD analysis described the Bando as "an epicenter of violence in the neighborhood." (PSR ⸮ 10.) At sentencing, the Court noted that "the very fact that the Bando existed put members of that community in jeopardy." (Sentencing Tr. 21.)

Mitchell contends that his rehabilitation and "dedication to leading a law abiding life" weigh in favor of a sentence reduction. (Mot. 3.) The Government states that, while incarcerated, Mitchell has been "sanctioned for disciplinary infractions on at least three occasions, once in 2019 and twice in 2021." (Gov't Opp. 3.) (The Government does not specify the type of infraction, nor has it provided Mitchell's BOP disciplinary records to the Court.)

6

To reduce Mitchell's sentence would be inconsistent with the seriousness of his offense, providing just punishment, promoting respect for the law, affording adequate deterrence, and protecting the public from further crimes of the defendant. See, e.g., United States v. Rodriguez, 2021 WL 797816, at *3 (S.D.N.Y. Mar. 2, 2021); United States v. Batista, 2020 WL 3249233, at *4 (S.D.N.Y. June 16, 2020).

V.   Conclusion & Order

For the foregoing reasons, the Motion for sentence reduction (ECF No. 1168) is respectfully denied. The Government's request to file Mitchell's BOP Medical Records under seal is granted.

Dated: New York, New York
       March 1, 2022

_____
**RICHARD M. BERMAN, U.S.D.J.**